# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**RICHARD MOORE**                                          **PLAINTIFF**

**V.**                                          **NO: 3:21-cv-120-M-P**

**JIM H. JOHNSON, et al.**                         **DEFENDANTS**

**ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

Plaintiff Richard Moore seeks an *ex parte* temporary restraining order "enjoining the Defendants from baseless arrest, harassment and non-judicial seizures of his Property and Evidence, and for such other relief as this Court deems just and equitable." [ECF No. 34.]

Under FED. R. CIV. P. 65(b)(1), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if:

> (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The standard for issuing a temporary restraining order or a preliminary injunction is a clear showing by the plaintiff of: (1) as substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from an injunction; and (4) that the injunction will not undermine the interest of the public. *Hull v. Quitman County Bd. of Educ.*, 1 F. 3d 1450, 1453 (5th Cir. 1993) (citing *Roho, Inc. v. Marquis*, 902 F. 3d 356, 358 (5th Cir. 1990)).

Plaintiff has not described any effort made to give notice of the motion to the Defendants. Nor has Plaintiff offered any reasons why notice should not be required. Accordingly, Plaintiff has not satisfied the requirements of Rule 65(b)(1) for *ex parte* relief.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for *Ex Parte* Temporary Restraining Order [ECF No. 34] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve copies of the Motion and this Order on Defendants and file proof of service with this Court. Defendants may file their response with the Court no later than seven days after the date of service. After the response deadline, the Court will determine whether a hearing is needed.

This the 9th day of June, 2022.

/s/ Michael P. Mills
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI