IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| RICHARD MOORE, | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 3:21-cv-120-MPM-RP |
| JIM H. JOHNSON, *et al.*, | ) |
| **Defendants.** | ) |

# ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [37]. The Court has thoroughly reviewed all matters of record and carefully considered the applicable law. This is the decision of the Court.

### BACKGROUND

Plaintiff Richard Moore, who is proceeding pro se, brings this lawsuit against Lee County of Mississippi Sheriff Jim H. Johnson, Investigator Robert Bean, Deputy Allen J. Dillard, and Chief Deputy John H. Hall. Mr. Moore asserts that he experienced violations of constitutional rights while confined overnight at the Lee County jail in December 2020.[1] According to Mr. Moore, he was wrongfully arrested; forced to strip; denied medication and water; denied a telephone to contact his attorney; and "strapped into a restraint chair that had been heavily doused with pepper spray." [ECF No. 1, PageID.3]. He contends that he was "tortured in this manner for several hours while being placed in a dark corridor." [*Id.*]. He states that "[t]his reckless torture …

---

[1]Mr. Moore fails to invoke 42 U.S.C. § 1983, but the Court allows some latitude as Mr. Moore is a pro se plaintiff untrained in the law.

has caused me to live in constant terror for my own safety and well-being." [*Id.*] Mr. Moore states that he "ha[s] been and continue to be denied Life, Liberty, and the Pursuit of happiness." [*Id.*][2]

The unrebutted record reflects that Mr. Moore was charged with cyberstalking threats and that a felony warrant for his arrest issued the morning of December 28, 2020. [ECF No. 37-2]. Mr. Moore was arrested and booked into the Lee County Detention Center at 9:40 p.m., hours after the arrest warrant issued. [ECF No. 37-3]. A nurse examined Mr. Moore the next morning. [ECF No. 37-4]. In entirety, her notes state:

> HX OF HEART PROBLEMS, STATES HAS A STENT TO BE REPLACED. CHEST PAIN. b/p 125/76, p. 65, 5. 18. NKDA. STATES GETS MEDS FROM WALGREEN-S CROSSTOWN. MEDS ARE XANAX AND AMPHETAMINE SALTS. NKDA. WILL START PROTOCOL OF CLORAXEPATE FOR COMING OF [sic] HIS NARCOTICS. ADMIN CLORAZEPATE 7.5 MG 1 PO NOW.

Mr. Moore made an initial appearance on December 29, 2020, and he was released on a $10,000.00 bond. [ECF No. 37-6].[3] Mr. Moore spent fewer than 24 hours in the Lee County jail.

On June 8, 2021, Mr. Moore filed this lawsuit. Defendants now seek summary judgment.

## LEGAL STANDARDS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no

---

[2] Mr. Moore's complaint is unverified, and there is no affidavit supporting his allegations on record.
[3] The record does not reflect the ultimate disposition of the cyberstalking charge.

2

genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 634 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees. *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). "To succeed in a § 1983 action based on 'episodic acts or omissions' in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference by the defendants." *Id.* (quoting *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)). To prove subjective deliberate indifference, a plaintiff "must show that the official knew of and disregarded a substantial risk of serious harm." *Id.*

Qualified immunity, an affirmative defense, protects government officials in their personal capacity performing discretionary functions not only from suit, but from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009). A police officer is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his

3

or her actions," even if the conduct violated the plaintiff's constitutional rights. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.2002).

## DISCUSSION

The unrebutted summary judgment record undercuts Mr. Moore's claim that constitutional violations occurred. Mr. Moore's response to the Defendants' motion does not set forth any specific facts indicating a genuine issue for trial. Instead, Mr. Moore relies on the conclusory allegations of his complaint and devotes his response to other allegations he has raised in a separate case.[4] Mr. Moore has not established any genuine issue for trial.[5]

Mr. Moore asserts that he was wrongfully arrested, but the record reveals no impropriety in the arrest warrant and the execution of the arrest [ECF No. 37-2, 37-3]. The arrest warrant is valid on its face, and Mr. Moore submits no evidence to the contrary. Mr. Moore's allegation of wrongful arrest is entirely conclusory, and defendants are entitled to summary judgment in their favor on the claim.

Mr. Moore complains that he was not allowed a phone call to his attorney during the brief period he was detained at the jail. This does not amount to a constitutional violation. *Cf. Meals v. Hale County Sheriff's Office*, No. 5:10-cv-0045, 2011 WL 13137098 (N.D. Texas, August 18, 2011) (finding that absent a state statute to the contrary, the plaintiff "did not have a protected liberty interest in placing a phone call upon being booked.") The Certification of Initial Appearance Mr. Moore signed reflects that he was given the opportunity to request an attorney at his initial appearance, which took place less than twenty-four hours after his arrest. [ECF NO. 37-5]. Moreover, the Certification of Initial Appearance states explicitly that "[i]f you feel that you

---

[4] *See Richard Moore, Pro Se v. Union County, Mississippi*, et al., Civil Action No. 3:22cv92-GHD-JMV (N.D. Miss., filed May 25, 2022).
[5] Moreover, Mr. Moore has not addressed the role any of the individual defendants played in the events he describes. It is not clear even at this late stage of the case precisely what Mr. Moore is claiming regarding each defendant.

have been unreasonably denied an opportunity to communicate with your attorney…this is the time to make your complaint and arrangements will be made to see that you have an opportunity to make necessary communications." [ECF No. 37-5, PageID.122]. Mr. Moore has not submitted evidence that he asked for or attempted to call an attorney at any point. On this record, there is no basis to find a constitutional violation.

Similarly, to the extent Mr. Moore claims a constitutional violation based on being strip-searched, the claim fails. The Fourth Amendment prohibits unreasonable searches, *Bell v. Wolfish*, 441 U.S. 520 (1979). The Supreme Court has "stressed the deference owed to correctional officials in designing search policies intended to ensure security." *Mabry v. Lee County*, 849 F. 3d 232, 236 (5th Cir. 2017) (citing *Florence v. Board of Chosen Freeholders*, 132 S.Ct. 1510, 1515 (2017)). "A regulation impinging on an inmate's constitutional rights must be upheld if it is reasonably related to legitimate penological interests." *Florence*, 132 S.Ct. at 1515 (internal quotation marks omitted). "Correctional officials have a legitimate interest, indeed a responsibility, to ensure that jails are not made less secure by reason of what new detainees may carry in [or] on their bodies." *Id.* at 1513. "Ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." *Wolfish*, 441 U.S. at 561. Where a detainee challenges the constitutionality of a strip search, "courts must defer to the judgment of correctional officials unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *Id.* at 1513-1514. Here, the record provides no support for a finding that a strip search of Mr. Moore upon intake was unreasonable or a form of punishment. A similar analysis applies to Mr. Moore's unverified allegations that he was "strapped into a restraint chair that had been heavily doused with pepper spray" and "tortured in this manner for several hours…." To the extent Mr. Moore challenges the

5

constitutionality of the strip search and use of restraint chair, his bare allegations are entirely conclusory, and his claims fail.

The record belies Mr. Moore's claim that he was denied medication or medical care. The record reflects that Mr. Moore received medical attention the first (and only) morning of his stay at the jail. The nurse's notes describe a heart condition; state that clorazepate is being administered to aid in narcotics withdrawal; and detail a plan to obtain and manage medication for Mr. Moore. Mr. Moore adduces no evidence to support a finding that he was denied medication or medical attention during his brief stay at the jail. Nor has Mr. Moore offered any support for or detail about his allegation that he was denied water. There is no basis to find deliberate indifference, and so the claims fail.

## CONCLUSION

Mr. Moore has made no showing that would allow a reasonable juror to find that the alleged constitutional violations occurred during his arrest and brief detention, and so the individual Defendants are entitled to qualified immunity. For the same reason, to the extent Mr. Moore brings this suit against Lee County, Lee County is entitled to summary judgment in its favor.
.

**ACCORDINGLY, IT IS ORDERED**:

Defendants' Motion for Summary Judgment [ECF No. 37] is **GRANTED**.

This, the 19th day of September, 2022.

/s/ Michael P. Mills
UNITED STATES DISTRICT COURT JUDGE